WILLIAM MURRAY, plaintiff in error, *vs.* C. H. PHINIZY &
Co., defendants in error.

Where a motion for a continuance is based on the want of mental ca-
pacity in the defendant to take the necessary steps to defend the
suit and to plead to the same, and the evidence as to such incapacity
is conflicting, the discretion of the court below, exercised in over-
ruling the motion, will not be controlled.

Continuance.    Before Judge RICE.    Oconee Superior
Court.    July Term, 1876.

Reported in the decision.

EMORY SPEER, for plaintiff in error.

POPE BARROW; LEONARD PHINIZY; A. S. ERWIN, for de-
fendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the
defendant, on a promissory note for the sum of $12,240.98,
dated 24th of February, 1875, and due one day after date.
When the case was called for trial, the defendant, by his .
counsel, made a motion for a continuance of the same, and
for time to plead thereto, on the ground that, for the last
five years, the defendant had been incapable of managing
his own estate by reason of imbecility of age, he now being
eighty-six years old; that he had not sufficient intellect to
comprehend his legal rights and liabilities, or to take the
necessary steps to defend said suit, etc.    The court, after
hearing evidence as to the defendant's mental capacity
(which was conflicting), overruled the motion for a continu-
ance of the case, but granted to the defendant reasonable
time to plead to the plaintiff's action, which the defendant,
by his counsel, declined to do, and the court entered up a
judgment for the amount of the plaintiffs' demand; where-
upon the defendant excepted.

hch as the evidence was conflicting as to the de-
.c's mental capacity, we will not interfere to control
.iscretion of the court in refusing to grant the motion
.r a continuance of the case. Besides, it is not very apparent to us why the defendant did not have as much mental capacity to direct his counsel to file his pleas to the plaintiffs' action (if he had any meritorious defense thereto), as he had to direct his counsel to prosecute his writ of error to this court.

Let the judgment of the court below be affirmed.